# United States Court of Appeals
### For the Eighth Circuit
_____

No. 24-1838
_____

Mary Ebaugh

*Plaintiff - Appellant*

v.

Medicredit, Inc., a Missouri Corporation

*Defendant - Appellee*
_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis
_____

Submitted: April 4, 2025
Filed: April 11, 2025
[Unpublished]
_____

Before SMITH, KELLY, and ERICKSON, Circuit Judges.
_____

PER CURIAM.

Mary Ebaugh appeals following the district court's dismissal of her action under the Fair Debt Collection Practices Act (FDCPA) for lack of standing. We reverse and remand the case for further proceedings.

Upon careful de novo review, we conclude that Ebaugh alleged an injury sufficient for standing. See Sarasota Wine Mkt., LLC v. Schmitt, 987 F.3d 1171, 1177 (8th Cir. 2021) (standard of review); Spokeo, Inc. v. Robins, 578 U.S. 330, 338 (2016) (for Article III standing, plaintiff must allege, inter alia, they suffered concrete, particularized, and actual or imminent injury in fact; plaintiff bears burden of establishing standing and at pleading stage, must clearly allege facts demonstrating each element). Specifically, Ebaugh clearly alleged facts demonstrating that she suffered a concrete injury when she purchased postage and an envelope to send Medicredit, Inc.'s improper communication to her counsel, an act that was caused by the FDCPA violation and that was necessary to allow reassertion of Ebaugh's right not to be contacted directly while represented by counsel. See TransUnion LLC v. Ramirez, 594 U.S. 413, 425 (2021) (plaintiff suffered concrete injury under Article III if defendant caused monetary injury to plaintiff); Czyzewski v. Jevic Holding Corp., 580 U.S. 451, 464 (2017) (for standing purposes, loss of even small amount of money is ordinarily injury); Mack v. Resurgent Cap. Servs., L.P., 70 F.4th 395, 405-07 (7th Cir. 2023) (time, effort, and money for postage consumer spent responding to improper debt collector communication constituted concrete injury; consumer was not merely clearing up own confusion, but was fixing problem debt collector created by reasserting her FDCPA rights).

Accordingly, we reverse and remand for further proceedings.

_____